

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**FILED**

SEP 13 2021 CM

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

Aftab A. Khan )
)
_____ )
)
Plaintiff(s), )
)
v. )
HCL America Inc. )
)
_____ )
)
Defendant(s). )

1:21-cv-04827
Presiding Judge Thomas M. Durkin
Magistrate Judge Jeffrey Cole
RANDOM

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Aftab A. Khan of the county of Lake in the state of Illinois.

3. The defendant is HCL America Inc., whose street address is 330 Potrero Ave

(city) Sunnyvale (county) Santa Clara (state) California (ZIP) 94085

(Defendant's telephone number) (408) – 733-0480

4. The plaintiff sought employment or was employed by the defendant at (street address)

1 Baxter Pkwy (city) Deerfield

(county) Lake (state) Illinois (ZIP code) 60015

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.  The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☑ was employed but is no longer employed by the defendant.

6.  The defendant discriminated against the plaintiff on or about, or beginning on or about,
    (month) November , (day) 6 , (year) 2019 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff
        [*check one box*] ☑*has* ☐*has not* filed a charge or charges against the defendant

        asserting the acts of discrimination indicated in this complaint with any of the

        following government agencies:

        (i)  ☑ the United States Equal Employment Opportunity Commission, on or about

             (month) June/January (day) 30/07 (year) 2020/2021

        (ii) ☑ the Illinois Department of Human Rights, on or about

             (month) August (day) 05 (year) 2021 .

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is

        attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

    It is the policy of both the Equal Employment Opportunity Commission and the Illinois

    Department of Human Rights to cross-file with the other agency all charges received. The

    plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐  Yes (month)_____ (day)_____ (year)_____

☐  No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c)    Attached is a copy of the

(i)  Complaint of Employment Discrimination,

☐  Yes    ☐  No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐  Yes    ☐  N0, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*

(b) ☑  the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue*, which was received by the plaintiff on

(month) June_____ (day) 24_____ (year) 2021_____ a copy of which

*Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a) ☑  Age (Age Discrimination Employment Act).

(b) ☐  Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

    (c)  ☐  Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d)  ☑  National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e)  ☐  Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f)  ☐  Religion (Title VII of the Civil Rights Act of 1964)

    (g)  ☐  Sex (Title VII of the Civil Rights Act of 1964)

10.    If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.    Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12.    The defendant [*check only those that apply*]
    (a)  ☐  failed to hire the plaintiff.

    (b)  ☑  terminated the plaintiff's employment.

    (c)  ☐  failed to promote the plaintiff.

    (d)  ☐  failed to reasonably accommodate the plaintiff's religion.

    (e)  ☐  failed to reasonably accommodate the plaintiff's disabilities.

    (f)  ☐  failed to stop harassment;

    (g)  ☐  retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h)  ☐  other (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

\* NoTE; 556-2020-00504 AGE DISCRIMINATION CASE
AND 440-2021-01663 NATIONAL ORIGIN CASE

13.  The facts supporting the plaintiff's claim of discrimination are as follows:

I began my employment with Respondent in or around February 2015. My most recent position was Quality Regulatory Compliance Specialist. Beginning in or around November 2019, and continuing through the remainder of my employment, I was subjected to age related comments. On or about March 10, 2020, I was placed on a Performance Improvement Plan and subsequently, I was discharged.

I believe I have been discriminated against because my age, 55 (YOB: 1964), in violation of the Age Discrimination in Employment Act of 1967, as amended.

I believe I have been discriminated against because of my national origin, non-Indian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

14.  [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.  The plaintiff demands that the case be tried by a jury. ☐ Yes ☐ No

16.  THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

   (a)  ☐ Direct the defendant to hire the plaintiff.

   (b)  ☐ Direct the defendant to re-employ the plaintiff.

   (c)  ☐ Direct the defendant to promote the plaintiff.

   (d)  ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

   (e)  ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

   (f)  ☐ Direct the defendant to (specify): _____

   _____

   _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g)   ☑   If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)   ☐   Grant such other relief as the Court may find appropriate.

_Aftab Khan_
(Plaintiff's signature)

AFTAB KHAN
(Plaintiff's name)

1404 BRAXTON RD.
(Plaintiff's street address)

(City) LIBERTYVILLE (State) IL. (ZIP) 60048

(Plaintiff's telephone number) (847) – 445-7835

Date:   09 – 13 – 2021

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | **Aftab Khan**<br>**115 Meadowbrook Lane**<br>**Lake Bluff, IL 60044** | From: | **Chicago District Office**<br>**230 S. Dearborn**<br>**Suite 1866**<br>**Chicago, IL 60604** |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| **556-2020-00504** | **Sarronda Harris,**<br>**Investigator** | | **(312) 872-9728** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/np*                                        6/24/2021

Enclosures(s)                **Julianne Bowman,**                        *(Date Issued)*
                             **District Director**

cc:     **HCL AMERICA, INC.**
        **c/o Jenny Caley, Counsel**
        **200 Regency Woods Place**
        **Cary, NC 27518**

Enclosure with EEOC
Form 161 (11/2020)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* **this Notice**. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be
made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 556-2020-00504 |

| ILLINOIS DEPARTMENT OF HUMAN RIGHTS | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| AFTAB KHAN | (847) 445-7835 | 1964 |

Street Address — City, State and ZIP Code

115 MEADOWBROOK LANE, LAKE BLUFF, IL 60044

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| HCL AMERICA | 501+ | (224) 270-3914 |

Street Address — City, State and ZIP Code

1 BAXTER PARKWAY, DEERFIELD, IL 60015

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-01-2019  Latest: 04-03-2020
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent in or around February 2015. My most recent position was Quality Regulatory Compliance Specialist. Beginning in or around November 2019, and continuing through the remainder of my employment, I was subjected to age related comments. On or about March 10, 2020, I was placed on a Performance Improvement Plan and subsequently, I was discharged.

I believe I have been discriminated against because of my age, 55 (YOB: 1964), in violation of the Age Discrimination in Employment Act of 1967, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Aftab Khan on 06-30-2020 03:47 PM EDT

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Aftab Khan**<br>**115 Meadowbrook Lane**<br>**Lake Bluff, IL 60044** | From: | **Chicago District Office**<br>**230 S. Dearborn**<br>**Suite 1866**<br>**Chicago, IL 60604** |
|---|---|---|---|

| [ ] | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2021-01663** | **Sarronda Harris,**<br>**Investigator** | **(312) 872-9728** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/np*      6/24/2021

Enclosures(s)

**Julianne Bowman,**
**District Director**

(Date Issued)

cc: **HCL America, Inc.**
**c/o Jenny Caley, Counsel**
**200 Regency Woods Place**
**Cary, NC 27518**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:     **Sonravea Privette**
        **HCL America, Inc**
        **200 Regency Woods**
        **Cary, NC 27518**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2021-01663 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Aftab Khan** | **(847) 445-7835** | **1964** |

Street Address                    City, State and ZIP Code

**115 Meadowbrook Lane, Lake Bluff, IL 60044**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **HCL AMERICA** | **500 or More** | **(224) 270-3914** |

Street Address                    City, State and ZIP Code

**1 Baxter Parkway, Deerfield, IL 60015**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

| ☐ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☒ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☐ RETALIATION | ☐ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest            Latest

**04-03-2020**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in or around February 2015. My most recent position was Quality Regulatory Compliance Specialist. On or about March 10, 2020, I was placed on a Performance Improvement Plan. Subsequently, I was discharged on or about April 3, 2020.

I believe I have been discriminated against because of my national origin, non-Indian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Received-Chicago District Office
1-7-2021

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 01-07-2021            *Aftab Khan*<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

ILLINOIS DEPARTMENT OF
# ◀Human Rights

JB Pritzker, Governor
James L. Bennett, Director

August 5, 2021

AFTAB KHAN
115 MEADOWBROOK LN
LAKE BLUFF, IL 60044

RE:     Charge No.: 2020CR3121
        Respondent: HCL AMERICA, INC.
Complaint or Civil Action Filing Dates: **6/24/2022 through 9/21/2022**

Dear Complainant:

You have chosen to have the discrimination charge you previously filed with the U.S. Equal Employment Opportunity Commission ('EEOC') investigated by the Illinois Department of Human Rights ('IDHR') under the Illinois Human Rights Act. IDHR has received a copy of EEOC's determination and your request for the Department to investigate. A copy of the charge has been served on the Respondent. Keep this letter for reference if you need to telephone or come to IDHR.

You are required to preserve and maintain all records, including paper, electronic, or other formats, pertaining to this charge. If your charge involves the basis of disability, IDHR requires that two additional forms be completed to determine whether IDHR has jurisdiction over your identified medical condition. If we do not have copies of these documents in your file, we have included copies with this notice.

1)      Verification of Disability.
Please give the Verification of Disability form to your physician for completion. Request your physician return the completed form by mail to IDHR's address below within 30 days of your receipt of this notice; and

2)      Consent form.
The consent form allows IDHR to review your physician's documentation. Please fill out the consent form and return it to IDHR, again, within 30 days of your receipt of this notice.

If your charge does not involve the basis of disability, then the Verification of Disability and Consent Forms are not needed and are not enclosed.

IDHR's role is to conduct a neutral investigation of the allegations in your charge. It is your responsibility to cooperate with IDHR's investigation and provide all pertinent information you have concerning the case by the dates requested.

An investigator will contact you after the case is assigned. IDHR must complete the investigation of your case by issuing its report of findings within 365 days from the date the EEOC issued its decision on your charge. IDHR's investigation time may be extended if you and Respondent agree in writing.

If IDHR does not complete the investigation of your case by timely issuing its report of findings, you may either file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court within 90 days after the expiration of the 365 days (or the extended time). We have calculated the time above (see Complaint or Civil Action Filing Dates). While we have made this calculation with the best of intentions, errors can occur. The Human Rights Commission has ruled that it is your responsibility to count the number of days properly. If you file a complaint or commence a civil action in circuit court outside this 90-day period, your complaint or civil action may be deemed untimely and dismissed.

Once 455 days (365 days [or the extended time] plus 90 days) have passed, IDHR must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Human Rights Commission, or commenced a civil action in the appropriate court. Therefore, you may wish to contact an attorney to decide the best way for you to handle your case.

If you file a complaint with the Human Rights Commission, the form of the complaint must be in accordance with section 7A-102(F) of the Human Rights Act. You must serve a copy of the complaint filed with the Human Rights Commission on IDHR on the same day that you file a complaint with the Commission. The Human Rights Commission will then schedule a hearing for your case before an Administrative Law Judge.

If you commence a civil action in circuit court, the form of the complaint must be in accordance with the Illinois Code of Civil Procedure. Please also serve a copy of your complaint on the EEOC: 500 West Madison Street, Suite 2000, Chicago, IL 60661. If you file a complaint with the Commission, you may not later commence a civil action in circuit court.

You must advise IDHR of all changes of name, address, or telephone numbers. If you do not do so, IDHR may dismiss your case if it cannot locate you.


SB1122 IN-6 Non-Med
CR/SR
4/17

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 2020CR3121<br>556-2020-00504 |

| ILLINOIS DEPARTMENT OF HUMAN RIGHTS | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| **AFTAB KHAN** | **(847) 445-7835** | **1964** |

| Street Address | City, State and ZIP Code |
|---|---|
| **115 MEADOWBROOK LANE, LAKE BLUFF, IL 60044** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **HCL AMERICA** | **501+** | **(224) 270-3914** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1 BAXTER PARKWAY, DEERFIELD, IL 60015** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **12-01-2019**   Latest: **04-03-2020**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in or around February 2015. My most recent position was Quality Regulatory Compliance Specialist. Beginning in or around November 2019, and continuing through the remainder of my employment, I was subjected to age related comments. On or about March 10, 2020, I was placed on a Performance Improvement Plan and subsequently, I was discharged.

I believe I have been discriminated against because of my age, 55 (YOB: 1964), in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Aftab Khan on 06-30-2020 03:47 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# ILLINOIS DEPARTMENT OF
# ◀Human Rights

JB Pritzker, Governor
James L. Bennett, Director

August 5, 2021

AFTAB KHAN
115 MEADOWBROOK LANE
LAKE BLUFF, IL 60044

RE:     Charge No.: 2021CR2184
        Respondent: HCL AMERICA, INC.
Complaint or Civil Action Filing Dates: **6/24/2022 through 9/21/2022**

Dear Complainant:

You have chosen to have the discrimination charge you previously filed with the U.S. Equal Employment Opportunity Commission ('EEOC') investigated by the Illinois Department of Human Rights ('IDHR') under the Illinois Human Rights Act. IDHR has received a copy of EEOC's determination and your request for the Department to investigate. A copy of the charge has been served on the Respondent. Keep this letter for reference if you need to telephone or come to IDHR.

You are required to preserve and maintain all records, including paper, electronic, or other formats, pertaining to this charge. If your charge involves the basis of disability, IDHR requires that two additional forms be completed to determine whether IDHR has jurisdiction over your identified medical condition. If we do not have copies of these documents in your file, we have included copies with this notice.

1)      Verification of Disability.
Please give the Verification of Disability form to your physician for completion. Request your physician return the completed form by mail to IDHR's address below within 30 days of your receipt of this notice; and

2)      Consent form.
The consent form allows IDHR to review your physician's documentation. Please fill out the consent form and return it to IDHR, again, within 30 days of your receipt of this notice.

If your charge does not involve the basis of disability, then the Verification of Disability and Consent Forms are not needed and are not enclosed.

IDHR's role is to conduct a neutral investigation of the allegations in your charge. It is your responsibility to cooperate with IDHR's investigation and provide all pertinent information you have concerning the case by the dates requested.

An investigator will contact you after the case is assigned. IDHR must complete the investigation of your case by issuing its report of findings within 365 days from the date the EEOC issued its decision on your charge. IDHR's investigation time may be extended if you and Respondent agree in writing.

If IDHR does not complete the investigation of your case by timely issuing its report of findings, you may either file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court within 90 days after the expiration of the 365 days (or the extended time). We have calculated the time above (see Complaint or Civil Action Filing Dates). While we have made this calculation with the best of intentions, errors can occur. The Human Rights Commission has ruled that it is your responsibility to count the number of days properly. If you file a complaint or commence a civil action in circuit court outside this 90-day period, your complaint or civil action may be deemed untimely and dismissed.

Once 455 days (365 days [or the extended time] plus 90 days) have passed, IDHR must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Human Rights Commission, or commenced a civil action in the appropriate court. Therefore, you may wish to contact an attorney to decide the best way for you to handle your case.

If you file a complaint with the Human Rights Commission, the form of the complaint must be in accordance with section 7A-102(F) of the Human Rights Act. You must serve a copy of the complaint filed with the Human Rights Commission on IDHR on the same day that you file a complaint with the Commission. The Human Rights Commission will then schedule a hearing for your case before an Administrative Law Judge.

If you commence a civil action in circuit court, the form of the complaint must be in accordance with the Illinois Code of Civil Procedure. Please also serve a copy of your complaint on the EEOC: 500 West Madison Street, Suite 2000, Chicago, IL 60661. If you file a complaint with the Commission, you may not later commence a civil action in circuit court.

You must advise IDHR of all changes of name, address, or telephone numbers. If you do not do so, IDHR may dismiss your case if it cannot locate you.


SB1122 IN-6 Non-Med
CR/SR
4/17

EEOC Form 5 (11/09)

210616.039

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | 2021CR2184 |
| | ☒ EEOC | 440-2021-01663 |

**Illinois Department Of Human Rights** and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Aftab Khan** | **(847) 445-7835** | **1964** |

| Street Address | City, State and ZIP Code |
|---|---|
| 115 Meadowbrook Lane, Lake Bluff, IL 60044 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **HCL AMERICA** | **500 or More** | **(224) 270-3914** |

| Street Address | City, State and ZIP Code |
|---|---|
| 1 Baxter Parkway, Deerfield, IL 60015 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN

☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE

Earliest                    Latest

04-03-2020

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in or around February 2015. My most recent position was Quality Regulatory Compliance Specialist. On or about March 10, 2020, I was placed on a Performance Improvement Plan. Subsequently, I was discharged on or about April 3, 2020.

I believe I have been discriminated against because of my national origin, non-Indian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION
JUNE 16 2021
**RECEIVED**
BY: _____

Received-Chicago District Office
1-7-2021

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 01-07-2021 _____ _Aftab Kha_____ <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Medical Products



October 6, 2016

We want to thank you for the support, hard work, and teamwork you provided to the Documentation team for Access UDI project. This was a big challenge for everyone to accomplish the Milestone of all labels issued by September 24, 2016 for 234 product codes. It took all parties to work together to make this happen – whether on the project itself, or picking up responsibilities for those pulled into the project. The teamwork and collaboration was truly exemplary. On behalf of the team, please accept this token of appreciation and know that your efforts were truly needed and respected!

Sincerely,

Gerry Gheradini
Ed Young
Telina Behrens
Thomas Johnson
Becky Pekovitch
Jackie Welter

Baxter Healthcare Corporation
One W. Illinois Route 120 · Round Lake, Illinois 60073
T 224 948 2000

My Performance

Aftab Khan (515491161)
Employee

🏠 / Self-Assessment (Annual)

Review Period: 1 Apr'19 - 31 Mar'20

Aftab Khan | Job: Technical Lead - Mechanical

My Career

| Delivery | Deliver on time | Schedule adherence/SLA adher... | 20.00% | 100% | Follow delivery schedule accord... | ⊙ | ✍ |
| Delivery | Quality of delivery | "Zero" defect density (delivery)... | 20.00% | 100% | On time quality delivery | ⊙ | ✍ |
| Delivery | Continuous Improvem... | Continuous enhancing the pro... | 10.00% | 100% | Continuous improvement with... | ⊙ | ✍ |
| Operations | Adherence to Standards | Status reports, project quality p... | 10.00% | 100% | In compliance with BaxU traini... | ⊙ | ✍ |
| Others | Client Interaction | To effectively co-ordinate with t... | 20.00% | 100% | Always pre-think about the proj... | ⊙ | ✍ |
| People | Staffing and Staff devel... | Contribution in hiring, training... | 10.00% | 100% | Bring high level of learning's to... | ⊙ | ✍ |

Comments (Mandatory)

Appraisee Overall Comments

Achieved successfully of EU MDR Economic Operator and remediation' requirements for the project.

7:47 PM
3/25/2020

My Performance

Aftab Khan (51549161)
Employee

Dashboard

My Previous Year Rating | Review Period: All ▾

Review Period: 2019-20

Goal Setting

Continuous Assessment

Self-Assessment (Annual)

Appraiser Feedback (Annual)

Discussion

Reviewer Feedback (Annual)

Calibration

LOB Calibration

Annual Review Completed

HCL

7:53 PM
3/25/2020

## Khan, Aftab

| | |
|---|---|
| **From:** | Aftab Khan <aftab.khan@hcl.com> |
| **Sent:** | Thursday, April 2, 2020 7:19 PM |
| **To:** | Khan, Aftab |
| **Subject:** | [ EXTERNAL ] Fw: My Separation Portal :: Login Credentials Details |
| **Attachments:** | 2020 COBRA Rates.pdf; COBRA Participant Guide Jan 2018.pdf |

[ EXTERNAL ]

**From:** Lynne Elliott <Lynne.Elliott@hcl.com>
**Sent:** Thursday, April 2, 2020 7:06 PM
**To:** Aftab Khan <aftab.khan@hcl.com>
**Subject:** RE: My Separation Portal :: Login Credentials Details

Hi Aftab,

I hope you received the email notification letter I sent you on March 24? Please check your hcl.com mailbox. I have responded to your queries below.

Thanks
Lynne

**From:** Aftab Khan <aftab.khan@hcl.com>
**Sent:** Wednesday, April 1, 2020 9:13 PM
**To:** Lynne Elliott <Lynne.Elliott@hcl.com>
**Subject:** Fw: My Separation Portal :: Login Credentials Details

Hi Lynne,

I hope this message finds you and your family well. I am following up in regards to the last correspondence that I received from HCL portal.

See following concerns below:
- When will HCL Medical, Dental, and Eye insurance coverage end? **Coverage will end April 30, 2020**
- When will Cobra insurance begin? How much will the premium be? **See attached**
- I was told by HCL management resource team that they would be seeking other opportunities. What is the status in regards to that? **As of today another position has not been located for you. Therefore, April 3, 2020, tomorrow will be your last working day with HLCA**
- I was previously offered multiple opportunities from Baxter to be hired as a permanent employee. However, HCL had denied these opportunities due to HCL policy. I need to know moving forward that if Baxter and/or other corporations hire me any time after April 4, 2020; what is the current HCL policy? **There should be a 6 month separation before joining client.**
- See screenshot below in regards to portal login, when would I be able to view other documentation? When will this portal be available? **Post your last working day.**

**From:** EIS_wfapps@hcl.com <EIS_wfapps@hcl.com>
**Sent:** Wednesday, April 1, 2020 9:30 AM
**To:** AFTABKHANASIF@YAHOO.COM <AFTABKHANASIF@YAHOO.COM>
**Cc:** Aftab Khan <aftab.khan@hcl.com>
**Subject:** My Separation Portal :: Login Credentials Details

This is an Auto Generated Mail. Please do not reply to this mail

# My Separation Portal

Dear **Aftab Khan(51549161)**,

Please find login credential for My Separation Portal that can be used post Last working day to access important document like Relieving letter, Experience letter, Full & final Settlement etc. Please note employee can access my separation port till last working through Myhcl.com only and post last working day employee has to use below mention Credential to access My separation portal.

URL : https://wf4.myhcl.com/MySeparation/Login/Ex-HCLitesLogin.aspx

Login ID : **51549161**

Password : **RJltb#p8**

"You can view relevant document in my separation portal after Full & Final settlement as per the respective law of Land. You will receive separate mailer once document upload in portal. For India transferred employee resigning from Onsite can view relevant documents post their India F&F settlement only. Please obtain all the mandatory clearance on or before LWD and also settle all the dues if any on or before 3 days before Last working day"

**Regards,**
**My Separation Portal Admin**

For any assistance regarding EIS applications, please feel free to call our Voice Helpdesk Number as per your region
You may click here to view the dial in numbers
In case of any issues/queries, you can raise an SSD ticket on EIS.

Disclaimer: This message and any attachment(s) contained here are information that is confidential, proprietary to HCL Technologies and its customers. Contents may be privileged or otherwise protected by law. The information is solely intended for the individual or the entity it is addressed to. If you are not the intended recipient of this message, you are not authorized to read, forward, print, retain, copy or disseminate this message or any part of it.

DISCLAIMER:

The contents of this e-mail and any attachment(s) are confidential and intended for the named recipient(s) only. E-mail transmission is not guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or may contain viruses in transmission. The e mail and its contents (with or without referred errors) shall therefore not attach any liability on the originator or HCL or its affiliates. Views or opinions, if any, presented in this email are solely those of the author and may not necessarily reflect the views or opinions of HCL or its affiliates. Any form of reproduction, dissemination, copying, disclosure, modification, distribution and / or publication of this message without the prior written consent of authorized representative of HCL is strictly prohibited. If you have received this email in error please delete it and notify the sender immediately. Before opening any email and/or attachments, please check them for viruses and other defects.

**Khan, Aftab**

| | |
|---|---|
| **From:** | Khan, Aftab |
| **Sent:** | Thursday, March 12, 2020 10:27 AM |
| **To:** | Arunachalam, Tamilnambi |
| **Subject:** | FW: PIP fir Aftab Kahn-Progress Update |
| **Attachments:** | Performance Improvement Plan Non Sales AK.docx.pdf |

Hi Tamil,
Please see following. I would like you to include you in this email communication as you are resource manager for HCL onsite.

Thanks!
*Best Regards,*
*Aftab Khan*
Regulatory Affairs, EU MDR Labeling
Aftab_khan@baxter.com
224-270-6146
Tieline:8856146



Baxter Healthcare Corporation
1 Baxter Pkwy, Deerfield, IL 60015

**From:** Khan, Aftab
**Sent:** Thursday, March 12, 2020 10:16 AM
**To:** Belmont, Michael <michael_belmont@baxter.com>
**Subject:** FW: PIP fir Aftab Kahn-Progress Update

Hi Mike,
Update: Yesterday I tried to reach out to Prakash multiple time. I need to review and establish guideline with him about Employee Improvement Plan for each delivery task time and date.

Without reviewing and verifying any information with me, I received feedback back from Prakash following comments;
"Consider yourself out from HCL-Baxter International. You are not going to make it. Performance Improvement Plan (PIP) is just a stage show"

Prakash was very angry on me without any obvious reason. Least I could say that his attitude and wordings were very negative and unprofessional towards me. Prakash also said that he should not be assign as a Supervisor for this Performance Improvement Plan.

If possible, I request please appoint another supervisor if Prakash is not willing to work with me. After all, we are all one team and want to be successful!
I appreciate. Thanks!


*Best Regards,*
*Aftab Khan*
Regulatory Affairs, EU MDR Labeling
Aftab_khan@baxter.com

1

224-270-6146
Tieline:8856146



Baxter Healthcare Corporation
1 Baxter Pkwy, Deerfield, IL 60015

**From:** Belmont, Michael
**Sent:** Tuesday, March 10, 2020 12:16 PM
**To:** Lynne Elliott <Lynne.Elliott@hcl.com>
**Cc:** Chapain, Prakash <prakash_chapain@baxter.com>; Khan, Aftab <aftab_khan@baxter.com>
**Subject:** PIP fir Aftab Kahn

Hi Lynne,

Please see the attached Performance Improvement Plan for Aftab Kahn (signed).  Prakash and I reviewed our expectations with him this morning.  He will be evaluated on a weekly basis over the next 4 weeks.  After each evaluation I will send you the correspondence.

Thank you,

**Mike Belmont**
Regional Director, EU MDR
HCL America/Baxter
michael_belmont@baxter.com
1.224.270.3914

2

## Khan, Aftab

| | |
|---|---|
| **From:** | Khan, Aftab |
| **Sent:** | Thursday, March 12, 2020 10:16 AM |
| **To:** | Belmont, Michael |
| **Subject:** | FW: PIP fir Aftab Kahn-Progress Update |
| **Attachments:** | Performance Improvement Plan Non Sales AK.docx.pdf |

Hi Mike,
Update: Yesterday I tried to reach out to Prakash multiple time. I need to review and establish guideline with him about Employee Improvement Plan for each delivery task time and date.

Without reviewing and verifying any information with me, I received feedback back from Prakash following comments; "Consider yourself out from HCL-Baxter International. You are not going to make it. Performance Improvement Plan (PIP) is just a stage show"

Prakash was very angry on me without any obvious reason. Least I could say that his attitude and wordings were very negative and unprofessional towards me. Prakash also said that he should not be assign as a Supervisor for this Performance Improvement Plan.

If possible, I request please appoint another supervisor if Prakash is not willing to work with me. After all, we are all one team and want to be successful!
I appreciate. Thanks!


*Best Regards,*
*Aftab Khan*
Regulatory Affairs, EU MDR Labeling

Aftab_khan@baxter.com
224-270-6146
Tieline:8856146

# Baxter

Baxter Healthcare Corporation
1 Baxter Pkwy, Deerfield, IL 60015

**From:** Belmont, Michael
**Sent:** Tuesday, March 10, 2020 12:16 PM
**To:** Lynne Elliott <Lynne.Elliott@hcl.com>
**Cc:** Chapain, Prakash <prakash_chapain@baxter.com>; Khan, Aftab <aftab_khan@baxter.com>
**Subject:** PIP fir Aftab Kahn

Hi Lynne,

Please see the attached Performance Improvement Plan for Aftab Kahn (signed). Prakash and I reviewed our expectations with him this morning. He will be evaluated on a weekly basis over the next 4 weeks. After each evaluation I will send you the correspondence.

Thank you,

**Mike Belmont**
Regional Director, EU MDR
HCL America/Baxter
michael_belmont@baxter.com
1.224.270.3914



## PERFORMANCE IMPROVEMENT PLAN (PIP)
### (TO BE PLACED IN EMPLOYEE'S PERSONNEL FILE)

| | | |
|---|---|---|
| **Employee Name: Aftab Khan** | **Employee ID#: 51549161** | **Date: 03/09/2020** |
| **Position: Technical Lead** | **Client: Baxter Healthcare** | **City/State: Deerfield, IL** |

**Objective: Goals need to be SMART (Specific, Measurable, Attainable, Realistic, Timely)**

**It is expected that the employee will show immediate and sustained improved performance in all areas while on the PIP and maintain after completion**

| Concern Area | Goal going forward | How will employee meet the goal? | What criteria are identified to measure success? | Duration of overall plan and check ins | Remarks |
|---|---|---|---|---|---|
| 1. Delivery of project deliverables | Resource will be able to work independently to deliver EU MDR Labeling Requirements and Label Redlines | Employee will create a self-improvement plan and implement it | Quality of deliverables (Rating of 1-5; 1 being lowest); Duration taken to complete task (Rating of 1-5; 1 being longest) | 4 weeks duration/check in weekly | An assessment form will be created and utilized to capture quality and aptitude |
| 2. Ownership of project deliverables | Resource will be able to work independently to deliver outputs without support from colleagues | Employee will create a self-improvement plan and implement it | Number of times resource reached out to other resources for support will be tracked (Rating of 1-5; 1 being high colleague support) | 4 weeks duration/check in weekly | Same as above. |

| 3. | Technical Aptitude | Resource will have no challenges utilizing necessary tools to support the project needs | Employee will create a self-improvement plan and implement it | Employee will be assessed for technical aptitude in a live setting; a problem might also be presented, and employee will need to walkthrough a solution; strategy and quality will be assessed; Resource might be asked to perform variety of tasks to gauge needed technical strength | 4 weeks duration/check in weekly | A technical assessment form will be created and utilized |

**Appraiser/Supervisor Comment (Overall)**

Follow up Discussion Date: 3/17/20

**Employee Signature:**
Date:

**Appraiser/Supervisor Comment (Overall)**

Follow up Discussion Date: 3/24/20

**Employee Signature:**
Date:

**Appraiser/Supervisor Comment (Overall)**
Follow up Discussion Date: 3/31/20

**Employee Signature:**
Date:

**Appraiser/Supervisor Comment (Overall)**
Follow up Discussion Date: 4/7/20

**Employee Signature:**
Date:

**HR Comment**
  **Final Discussion Date:**
  **Recommendation:**

I acknowledge receipt of this performance improvement plan and that its contents have been discussed with me. I understand that my signature does not necessarily indicate agreement. Failure to improve performance as indicated by above plan may lead to further disciplinary action up to and including termination.

Employee Name: AFTAB KHAN
Signature: A. Kh

Date: 03/10/2020

Supervisor Name: PRAKASH CHAPAIN
Signature: Chapain

Date: 08/10/2020

HR Name:
Signature:

Date:

**HCL AMERICA, INC.**
(A subsidiary of HCL TECHNOLOGIES LTD.)
330 Potrero Avenue, Sunnyvale, California 94085 U.S.A.
Tel: 408 733 0480 Fax: 408 733 0482
www.hcltech.com
www.hcl.in

March 24, 2020

Aftab Khan
Employee Code: 51549161

Dear Aftab,

We are making our best efforts to identify another position that may be a match for your skills and experience. If a position isn't located for you, this letter is to notify you that, your assignment with HCL America Inc (HCLA) will be terminated as per "At Will" employment effective April 3, 2020.

Your full and final check will include hours submitted on your timesheet through your last day of work April 3, 2020, any accrued unused vacation hours including 2week notice pay.

Your final check will be wired to the bank account we have on file for you. You are required to return all HCLA and client assets including any access cards by close of business **April 3, 2020.**

Please advise us of any address change you will make between now and year end to ensure the delivery of your W-2 statements.

If you have elected medical coverage, then coverage will be effective till date **April 30, 2020**. HCL's Insurance Company will send you COBRA details subsequently.

Sincerely,

*Lynne Elliott*

Lynne Elliott
HR
HCL America Inc.



RE: Charging Aftab Khan Position Statement Rebuttal

EEOC Charge No. 556-2020-00504 ("Charge")

Dear Ms. Harris:

Aftab Khan appreciates the opportunity to respond to HCLA ("Respondent Party"). Regarding charge of employment discrimination based on age.

No. 1, HCLA recorded incorrect legal last name for charging party. HCLA may not have the correct person, there is no reason to believe and consider this positioning statement as valid (needs to provide proof).

No. 2, I disagree with HCLA's positioning statement because it is not relevant to the charge filed. My charge (No. 556-2020-00504) with the Equal Employment Opportunity Commission (EEOC) was defined as "employment discrimination based on age". [1]

No. 3, HCLA's response provides no support whatsoever regarding age discrimination. Charging Party (Aftab Khan) denies the HCLA response. HCLA positioning statement should be dismissed due to no factual supporting documents provided to defend this age discrimination charge.

### Factual Summary

No. 4, I agree with the job description that HCLA provided. However, it is very vague and generic in correlation to the actual job responsibility.

No. 4-1, I started my employment with HCLA approximately (approx.) February 2015. My first starting position was as a UDI (Unique Device Identification) Specialist. Throughout that role, I was providing Global Trade Item Number (GTIN) labels and supporting the team in preparation of Global Unique Device Identification Database (GUDID) submission for Class-II Life Sustaining (LS) Devices [see Exhibit 1]. Throughout this role, I was meeting and exceeding my job responsibilities. In addition, I was praised by Baxter International (Client) team of 6 members for managing the project. I was able to deliver client services within a timely manner [see Exhibit 2].

---

1) Age discrimination involves treating an applicant or employee less favorably because of his or her age. The Age Discrimination in Employment Act (ADEA) forbids age discrimination against people who are age 40 or older. It does not protect workers under the age of 40, although some states have laws that protect younger workers from age discrimination. It is not illegal for an employer or other covered entity to favor an older worker over a younger one, even if both workers are age 40 or older. Discrimination can occur when the victim and the person who inflicted the discrimination are both over 40. [1]

No. 5, I was promoted to the Quality Engineer role approx. in November 2015. Throughout that role, I assisted in the assessment of the risk associated with device failure modes and nonconformances issues. Specifically, determine the need for Field Corrective Action (FCA), and CAPA. At that point, I was an HCLA employee for almost a year. A year later (2016), I was approached by Baxter International quality management about the prospect of joining their permanent team. However, HCLA had blocked and refused to honor the clients' request. This was an opportunity for me to become a direct Baxter International employee.

A statement was provided from Baxter International HR, "HCLA is firm in its positioning with conversions/solicitation and as a result, your employer will not release you to pursue open roles within Baxter." Proof needs to be provided by HCLA regarding resource employee transitioning to client employee policy. Please interview HCLA managers (Tamilnambi Arunachalam and Arokia Pranesh Kanna Sorimuthu) who were corresponding with Baxter International about this prospect.

No. 5-1, While I was working as a Quality Engineer, I assisted HCLA to refer new resources for the quality department. Even though they didn't honor my future opportunities to become a Baxter employee. I still went out of my way to support HCLA and used my connections to refer more resources for the client (Baxter International). I did this to enable HCLA and the department to be more successful.

No. 6, I was promoted and transferred over to a new project called EU MDR in September 2017. During that position, I supported the project throughout various business segment towers. Roles include clinical evaluator, technical documentation specialist, economic operator specialist, and regulatory affair compliance. I worked on this project for the remaining of my tenure until I got terminated.

No. 7, On July 2019, I held my last assigned role within the EU MDR project as a Quality Regulatory Compliance Labeling Specialist. Starting in November 2019, I was subjected to age related comments on multiple occasions.

No. 8, My last assignment was with the Baxter Team Labelling Group.

No. 8-1, I disagree with HCLA's statement regarding training. I was assigned to work with the HCLA's team manager, Parkash Chapain. Parkash Chapain did not provide formal training processes and any documentation that would support me to fulfill the role whatsoever [see Exhibit 3]. HCLA needs to provide documents regarding training processes that coincide with Baxter International training. This evidence would provide that consistency is present between both companies.

No. 8-2, I disagree with HCLA's Exhibit 3 regarding their comments. These comments are fabricated, and I find them to be offensive. These exhibit was provided from HCLA

and not the actual project client (Baxter International). This was a total setup by HCLA. My co-workers were under the age of 30, new college graduates, and Non-US Citizen's receiving preferential treatment. Please interview EU MDR Baxter International personnel who I worked in direct collaboration with this project [see Exhibit 4].

No. 8-3, Baxter Team Labelling Group was assigned tasks to certain product families individually. These were different from one another's assignment responsibility. Team members would communicate directly with their respective product owners. Collaboration between Baxter Team Labelling Group was at a bare minimum.

No. 8-4, There was lack of communication within the leadership from HCLA management on this project assignments. HCLA project managers Prakash Chapain and Michael Belmont lacked technical knowledge. They failed to carry the instructions from client (Baxter International) and convey information to the labeling team. It put the entire labeling team in a chaotic and awkward situation.

Prakash Chapain as a direct manager did not lead us properly on Labeling Requirements Specification (LRS) regarding GAP remediations (to develop new requirements).

It proves there was inconsistency within the leadership and no guidance from project managers to me and the labeling team. At the beginning of the project assignment, Prakash Chapain told the labeling team that he had no knowledge about this assignment. He was not even able to identify general terms within the project. He kept on arguing over and over with me and team members. He told us that they should work with their respective Product owners and refer to other Subject Matters Experts. Prakash stated, "Do not come to me and ask questions about this assignment". Even though he was the team leader, Prakash Chapain openly admitted that he had no technical knowledge for this project [see Exhibit 5].

No. 8-5, Michael Belmont was the project lead for EU MDR. However, he was never involved in any of my meetings or assignments. He never led me or the team on this project and lacked communication. He never attended our cross functional team meetings whatsoever. Since he never was in touch with the project/meetings, how was he able to evaluate my performance review? How could he develop a "Performance Improvement Plan" (PIP) without any email correspondences and attending cross functional team meetings? He failed to schedule any one-on-one meetings until he created the PIP on March 9th, 2020. That's the only time I had correspondence with him regarding this project [see Exhibit 6].

No. 9, HCLA in their response failed to mention that during this time I went through a head-on collision car accident on February 12th, 2020 [see Exhibit 7]. I was transported to the Northwestern Medicine Lake Forest Hospital emergency room [see Exhibit 8].

No. 9-1, I communicated my accident with HCLA management immediately [see Exhibit 9]. During my recovery, I utilized my Personal-Time-Off (PTO) Vacation. HCLA does not have any medical or sick leave for their employees. HCLA employees have only one choice, to use Personal-Time-Off (PTO) Vacation. HCLA needs to provide their Sick leave policy to EEOC.

No. 9-2, The age discrimination situation escalated further after my car accident. Prakash Chapain started to harass me about my PTO leave request [Exhibit 10] on February 27th, 2020. When I requested my PTO, it was approved by Cheryl Bork (Subject Matters Expert) and Prakash Chapain. However, Prakash Chapain forgot to communicate this with other team members. He overlooked the correspondence and created an awkward situation towards HCLA and Baxter International upper management. Additionally, he made me look incompetent in front of other team members and upper management (HCLA and Baxter International). Until he was reminded by Subject Matters Expert (Cheryl Bork) about me taking a sick day to attend a doctor's appointment. A trickle effect started to happen at work. Keep in mind, during my 5-year tenure I never called in sick (not even once).

No. 10, During my accident recovery (March 6th, 2020) I was approached by my manager (Michael Belmont) and was notified that I will be placed on "Performance Improvement Plan".

No. 10-1, The plan was established on March 9th, 2020 (acknowledged March 10th, 2020) and was supervised by Prakash Chapain. I approached the appraiser/supervisor Prakash Chapain in the corridor of the cafeteria, he was avoiding my emails and calls. I was forced to meet him within a public setting to discuss the follow-up process. He told me, "Consider yourself out from HCLA. You are not going to make it. Performance Improvement Plan (PIP) is just a stage show." Prakash Chapain also admitted that he had no technical skills and that he was not even qualified to be an appraiser for Performance Improvement Plan ("PIP"). Alluding to the decision of my termination had been pre-determined [See Exhibit 11].

After that conversation, throughout rest of the day I was tremendously upset. The next morning, I documented and immediately communicated with Michael Belmont [see Exhibit 12], Human Resource Manager Lynne Elliott [Exhibit 13], and with onsite Resource Manager Tamilnambi Arunachalam [see Exhibit 14].

No. 10-2, After returning from the doctor appointment on March 24th, 2020, I was supposed to review the "Performance Improvement Plan (PIP)" once a week from March 10th, 2020 with an update until April 7th, 2020. This was supposed to take place with my manager, Prakash Chapain. However, none of the weekly updates took place for the Performance Improvement Plan (PIP).

No. 10-3, I was supposed to review the "Performance Improvement Plan (PIP)" with my manager, Prakash Chapain. However, that did not take place at all. Instead, I was told verbally by Michael Belmont and emailed by Lynne Elliot that "you have 2 more weeks before your assignment will be terminated on April 3rd, 2020 [Exhibit-15]."

No. 10-4, I had concerns about the termination letter that was forwarded to me and then I questioned the following items before my termination (April 1st, 2020) to HR manager (Lynne Elliot) [see Exhibit 16]:

1) I questioned, "I was told by HCL management resource team that they would be seeking other opportunities. What is the status in regards to that?" Lynne Elliot replied, "As of today another position has not been located for you. Therefore, April 3, 2020, tomorrow will be your last working day with HLCA."

2) I questioned, "I was previously offered multiple opportunities from Baxter to be hired as a permanent employee. However, HCL had denied these opportunities due to HCL policy. I need to know moving forward that if Baxter and/or other corporations hire me any time after April 4, 2020; what is the current HCL policy?" Lynne Elliot replied, "There should be a 6-month separation before joining client."

Instead, HCLA terminated me on April 3rd, 2020. Never committed to their plan for "finding me a new role within a HCLA client". In addition, I was prohibited and restricted to seek new opportunities within Baxter International for the next 6 months. What is the HCLA separation and rejoining client policy? Respondent (HCLA) is changing the focus from "age discrimination" charge to other non-related items.

No. 11, Throughout my tenure I initiated annual performance reviews. However, I never received feedback on any of them.

No. 11-1, Throughout my 5-year tenure at HCLA my annual performance reviews were initiated but never were finalized. I was never ever placed on Performance Improvement Plan (PIP) until March 10th, 2020.

I don't understand how an annual performance review can be conducted without discussion, feedback, and collaboration [see Exhibit-17].

No. 11-2, HCLA does not complete their annual performance reviews. In return, it allows them to not provide raises and compensation in correlation to performance.

Clearly, I was accused and discriminated for something I did not commit. The Performance Improvement Plan (PIP) was never completed and agreed upon. The decision was pre-determined, and PIP was a setup to cover age discrimination charge.

### Brief Legal Summary

I disagree with Respondent Party's (HCLA) Brief Legal Summary. I met all the requirements needed to establish a *prima facie* case for age discrimination under the Age Discrimination in Employment Act. I meet the following: one must show (1) that they were members of a protected age class; (2) that they were discharged; (3) that they were qualified for the position they held; and (4) they were replaced by a younger worker.

I meet all the requirements for an age discrimination claim:

(1) I am over the age of 40.

(2) I was discharged unlawfully due to my age.

(3) I was clearly qualified and performing my duties over my 5-year tenure.

(4) I was replaced by a younger worker that is a Non-US Citizen within HCLA. My replacement was younger, lacked the skills you were expected to possess to maintain your performance expectations. HCLA preferred younger, H1 visa workers over older US citizens. I was a trainer/mentor to the younger employees and training them how to communicate and set up meetings with Baxter clients. I had been used by HCLA as a "middle HR man" to the foreign workers because of their accent barrier.

### Conclusion

Respondent (HCLA) is changing the focus from "age discrimination" charge to other non-related items. HCLA never provided any valid reason regarding my age discrimination charge.

Respondent HCLA never reviewed my annual performance for the year of 2019-2020. Additionally, the "Performance Improvement Plan (PIP)" was never followed through by the appraiser (not even a single task was completed).

Furthermore, I was restricted to seek other opportunities within Baxter International. Recently, I was approached by Baxter International managers about the prospect of a new opportunity which was restricted and blocked because of this policy by HCLA.

For that reason, Respondent HCLA should fully be held responsible and charged for unlawful termination based on age discrimination.

Should you have any additional further questions or requests, please bring that correspondence to my attention.

Best Regards,

Aftab Khan


Exhibit List:

1) Resume
2) Letter
3) Email
4) EU MDR Team
5) Email
6) PIP
7) Photos
8) Medical Letter
9-14) Emails
15) Termination Letter
16) HR Email
17) Annual Performances

RE: Charging Aftab Khan Position Statement Rebuttal

EEOC Charge No. 440-2021-01663 ("Charge")

Dear Ms. Harris:

Aftab Khan appreciates the opportunity to respond to HCL America ("Respondent Party"). Regarding charge of discrimination based on national origin.

### Factual Summary

No. 1, HCLA provided irrelevant company summary related to Charging Party ("Aftab Khan"). Charging Party provided services for client Baxter International in regards to medical device/pharmaceutical healthcare.

No. 1-2, Respondent Party ("HCLA") provided an inauthentic document (Exhibit A). Charging Party did not acknowledge and sign this policy. Charging Party rejects this policy document. Respondent Party needs to provide an authentic document with a signature.

No.1-3, Respondent Party provided inaccurate co-worker and employee list. Charging Party recognizes the following employees: Aayushi Kasliwal (Indian), Kunal Patel (Indian), Krutal Patel (Indian), and Shraddha Parmar (Indian). However, Respondent Party failed to accurately identify project leads' (Prakash Chapain) national origin. Why had HCLA failed to identify or recognize the project lead's (my direct report for this assignment) identity? Additionally, Respondent Party failed to provide the names of two other direct co-workers (Mohammed Ahmed (Indian) and Chitti Babu (Indian)). During my tenure, they were given first priority to transfer to another assignment in Q4 2019/Q1 2020 due to their national origin being Indian. However, I was not given any opportunity or consideration to be transferred. Furthermore, Krutal Patel (Indian) was transferred from another assignment to the current assignment. This is a common practice within HCLA to transfer H1-Visa/Indian employees and neglect US Citizen/"American" employees. Provide supporting documentation to prove otherwise [see Exhibit 1].

No. 1-4, I disagree with HCLA's positioning statement because it is not relevant to the charge filed. My charge (No. 440-2021-01663) with the Equal Employment Opportunity Commission (EEOC) was defined as "national origin".

No. 2, HCLA is changing the claim of discrimination based on national origin to job performance. Respondent Party provided inaccurate information regarding training services. No training modules were assigned in regards to the specific role/assignment. Provide original list of signed documents regarding which training was provided, when was that training initiated, and when it was completed.

No. 2-1, I started my employment with HCLA approximately (approx.) February 2015. My first starting position was as a UDI (Unique Device Identification) Specialist. Throughout that role, I was providing Global Trade Item Number (GTIN) labels and supporting the team in preparation of Global Unique Device Identification Database (GUDID) submission for Class-II Life Sustaining (LS) Devices [see Exhibit 2]. Throughout this role, I was meeting and exceeding my job responsibilities. In addition, I was praised by Baxter International (Client) team of 6 members for managing the project. I was able to deliver client services within a timely manner [see Exhibit 3].

No. 2-2, I was promoted to the Quality Engineer role approx. in November 2015. Throughout that role, I assisted in the assessment of the risk associated with device failure modes and nonconformance issues. Specifically, determine the need for Field Corrective Action (FCA), and CAPA. At that point, I was an HCLA employee for almost a year. A year later (2016), I was approached by Baxter International quality management about the prospect of joining their permanent team. However, HCLA had blocked and refused to honor the clients' request. This was an opportunity for me to become a direct Baxter International employee.

A statement was provided from Baxter International HR, "HCLA is firm in its positioning with conversions/solicitation and as a result, your employer will not release you to pursue open roles within Baxter." Documentation needs to be provided by HCLA regarding resource employee transitioning to client employee policy.

No. 2-3, While I was working as a Quality Engineer, I assisted HCLA to refer new resources for the quality department. Even though they didn't honor my future opportunities to become a Baxter employee. I still went out of my way to support HCLA and used my connections to refer more resources for the client (Baxter International). I did this to enable HCLA and the department to be more successful.

No. 2-4, I was promoted and transferred over to a new project called EU MDR in September 2017. During that position, I supported the project throughout various business segment towers. Roles include clinical evaluator, technical documentation specialist, economic operator specialist, and regulatory affair compliance. I worked on this project for the remaining of my tenure until I got terminated.

No. 2-5, There was lack of communication within the leadership from HCLA management on these project assignments. HCLA project managers Prakash Chapain and Michael Belmont lacked technical knowledge. They failed to carry the instructions from client (Baxter International) and convey information to the labeling team. It put the entire labeling team in a chaotic and awkward situation.

No. 2-6, Prakash Chapain as a direct manager did not lead us properly on Labeling Requirements Specification (LRS) regarding GAP remediation (to develop new requirements).

No. 2-7, It proves there was inconsistency within the leadership and no guidance from project managers to me and the labeling team. At the beginning of the project assignment, Prakash Chapain told the labeling team that he had no knowledge about this assignment. He was not even able to identify general terms within the project. He kept on arguing over and over with me and team members. He told us that they should work with their respective Product owners and refer to other Subject Matters Experts. Prakash stated, "Do not come to me and ask questions about this assignment". Even though he was the team leader, Prakash Chapain openly admitted that he had no technical knowledge for this project.

No. 2-8, Michael Belmont was the project lead for EU MDR. However, he was never involved in any of my meetings or assignments. He never led me or the team on this project and lacked communication. He never attended our cross functional team meetings whatsoever. Since he never was in touch with the project/meetings, how was he able to evaluate my performance review? How could he develop a "Performance Improvement Plan" (PIP) without any email correspondences and attending cross functional team meetings? He failed to schedule any one-on-one meetings until he created the PIP on March 9th, 2020. That's the only time I had correspondence with him regarding this project [see Exhibit 4].

No. 3, HCLA is changing the claim of discrimination based on national origin to performance improvement plan procedure. HCLA provided ambiguous Performance Improvement Plan ("PIP") date (March 10, 2010).

No. 3-1, Throughout my tenure I initiated annual performance reviews. However, I never received feedback on any of them [Exhibit 5].

No. 3-2, Throughout my 5-year tenure at HCLA my annual performance reviews were initiated but never were finalized. I was never placed on Performance Improvement Plan (PIP) until March 10th, 2020.

No. 3-3, Performance Improvement Plan was established on March 9th, 2020 (acknowledged March 10th, 2020) and was supervised by Prakash Chapain. I approached the appraiser/supervisor (Prakash Chapain) multiple times. However, he failed to respond to calls and emails. I was forced to meet him within a public setting (corridor of the cafeteria) to discuss the follow-up process. He told me, "Consider yourself out from HCLA. You are not going to make it. Performance Improvement Plan (PIP) is just a stage show." Prakash Chapain also admitted that he had no technical skills and that he was not even qualified to be an appraiser for Performance

Improvement Plan ("PIP"). Alluding to the decision of my termination had been pre-determined due to my national origin. [See Exhibit 6 & 7].

No. 3-4, Respondent Party provided a document which was never shared and signed to begin with. Provide original, signed document for Feedback Session One. Again, this is another clear example of Prakash Chapain and Michael Belmont being unqualified to lead a team or Performance Improvement Plan ("PIP").

No. 4, HCLA is changing the claim of discrimination based on national origin to job performance.

No. 4-1, Charging Party rejects Exhibit D (email from Cheryl Bork) from Respondent Party.

No. 4-2, Cheryl Bork email was sent out on March 12, 2020 while I was placed on Performance Improvement Plan ("PIP") on March 10, 2020. Cheryl Bork was not my direct reporting manager. My Baxter reporting Business Unit managers were Larry Little, Jeff Barningham, Larry Dribin, and Todd Carmody.

No. 5, HCLA is changing the claim of discrimination based on national origin to job performance termination.

No. 5-1, I had concerns about the termination letter that was forwarded to me and then I questioned the following items before my termination (April 1st, 2020) to HR manager (Lynne Elliot) [see Exhibit 8 & 9].

> 1) I questioned, "I was told by HCL management resource team that they would be seeking other opportunities. What is the status in regards to that?" Lynne Elliot replied, "As of today another position has not been located for you. Therefore, April 3, 2020, tomorrow will be your last working day with HLCA."

> 2) I questioned, "I was previously offered multiple opportunities from Baxter to be hired as a permanent employee. However, HCL had denied these opportunities due to HCL policy. I need to know moving forward that if Baxter and/or other corporations hire me any time after April 4, 2020; what is the current HCL policy?" Lynne Elliot replied, "There should be a 6-month separation before joining client."

Provide supporting documentation for the job search conducted by HCLA HR Manager (Lynne Elliot). I was never provided any information in regards to another job search for a transfer within HCLA.

Instead, HCLA terminated me on April 3rd, 2020. Never committed to their plan for "finding me a new role within a HCLA client". In addition, I was prohibited and restricted

to seek new opportunities within Baxter International for the next 6 months. What is the HCLA separation and rejoining client policy? Respondent (HCLA) is changing the focus from "national origin discrimination" charge to other non-related items.

No. 5-2, During my tenure, H1-Visa/Indian employees were being transferred on numerous occasions to different projects, departments, and other companies. However, I was neglected by HCL Management and HR Manager Lynne Elliot due the decision being predetermined because of being a US Citizen/"American". Provide documentation of where HCLA conducted a job search for my placement.

### Brief Legal Summary

I disagree with Respondent Party's (HCLA) Brief Legal Summary. I met all the requirements needed to establish a prima facie case for national origin discrimination under the Civil Rights Act of 1964. I meet the following: one must show national origin discrimination an employee must demonstrate that (1) the employee belongs to a protected class; (2) the employee was qualified for the job; (3) the employee was subject to an adverse employment action despite being qualified; and (4) the action took place under circumstances that raise an inference of discriminatory action, such as when a similarly situated person not of the protected class is treated more favorably.

I meet all the requirements for a national origin discrimination claim:

(1) Respondent Party accepts I belong to a protected class.

(2) I was discharged unlawfully due to my national origin. During my tenure, I received positive feedback from client.

(3) I was clearly qualified and performing my duties over my 5-year tenure. I was promoted multiple times during my tenure.

(4) I was replaced by a H1-Visa/Indian employee within HCLA. HCLA preferred Indian, H1 visa workers over "American", US citizens. I was a trainer/mentor to the H1-Visa/Indian employees and training them how to communicate and set up meetings with Baxter clients. I had been used by HCLA as a "middle HR man" to the foreign workers because of their accent barrier.

### Conclusion

Respondent (HCLA) is changing the focus from "national origin discrimination" charge to other non-related items. HCLA never provided any valid reason regarding my national origin discrimination charge.

Respondent HCLA never reviewed my annual performance for the year of 2019-2020. Additionally, the "Performance Improvement Plan (PIP)" was never followed through by the appraiser (not even a single task was completed).

Furthermore, I was restricted to seek other opportunities within Baxter International. During my tenure, I was approached by Baxter International managers about the prospect of a new opportunity which was restricted and blocked because of this policy by HCLA.

For that reason, Respondent HCLA should fully be held responsible and charged for unlawful termination based on national origin discrimination.

Should you have any additional further questions or requests, please bring that correspondence to my attention.

Best Regards,

Aftab Khan

Exhibit List:

1) EU MDR Team
2) Resume
3) Client Appreciation Letter
4) PIP
5) Annual Performances
6) Email
7) Email
8) Termination Letter
9) HR Email