UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AFTAB A. KHAN | ) | |
| | ) | 21 cv 04827 |
| Plaintiff, | ) | |
| | ) | |
| -vs.- | ) | JUDGE DURKIN |
| | ) | |
| HCL AMERICA, INC. | ) | PLAINTIFF DEMANDS |
| | ) | TRIAL BY JURY |
| Defendant, | ) | |

**AMENDED COMPLAINT**

PLAINTIFF, AFTAB A. KHAN, through his attorney, Richard J. Gonzalez of the Law Offices of Chicago-Kent College of Law, complaining of DEFENDANT, HCL AMERICA, INC. alleges as follows:

**NATURE OF ACTION**

1.  This is an action for damages and equitable relief to redress the deprivation of rights secured to the Plaintiff by virtue of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* (the "ADEA") and of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000€ *et. seq.* ("Title VII").

**JURISDICTION**

2.  Jurisdiction of this Court is invoked pursuant to the provisions of the ADEA and of Title VII, and of 28 U.S.C. §§ 1343.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b)

4.  PLAINTIFF met all administrative prerequisites to maintenance of this suit in that he timely filed charges of unlawful age discrimination and unlawful national origin discrimination

1

with the Equal Employment Opportunity Commission, received a Right To Sue Letter, and timely filed this cation *pro se.*

## PARTIES

5. PLAINTIFF, is a male citizen of the United States of America, born in 1964, is not of Indian national origin, and resides within this judicial district.

6. DEFENDANT, HCL AMERICA, INC. does business within this judicial district.

7. DEFENDANT, upon information and belief, is and was at all times an employer within the meaning of ADEA and of Title VII.

## FACTS

8. PLAINTIFF was hired by DEFENDANT in 2015, and was employed in various positions to which he was promoted, and at the time of his termination on April 3, 2020, held the job title of Quality Regulatory Compliance Specialist.

9. PLAINTIFF met DEFENDANT's legitimate performance expectations, receiving highly positive performance appraisals and promotions.

## COUNT I: AGE DISCRIMINATION

10. PLAINTIFF repeats and re-alleges paragraphs 1-9 and incorporates same by reference herein.

11. DEFENDANT was under a duty to conduct and implement its personnel decisions in a nondiscriminatory manner without regard to age.

12. Despite said duty, DEFENDANT has engaged in a pattern and practice of scrutinizing the job performance of, and terminating, older employees.

13. On March 9, 2020, DEFENDANT's agents Prakash Chapain and Michael Belmont, placed PLAINTIFF on a "performance improvement plan."

14. During the pendency of the plan, PLAINTIFF made repeated attempts to meet with his supervisors to discuss the plan, but they declined to do so.

15. Supervisor Chapian told PLAINTIFF that the plan "is just a stage show" and advised PLAINTIFF that he would be terminated regardless of the plan.

16. In terminating PLAINTIFF's employment, DEFENDANT treated him differently and less favorably than similarly situated younger, less experienced employees.

17. The foregoing conduct constituted unlawful age discrimination in violation of 29 U.S.C. § 621 et seq.

18. The foregoing facts constituted a "willful" violation of 29 U.S.C. § 621 in that DEFENDANT, through its agents, either knew or showed reckless disregard for the matter of whether its conduct was prohibited by 29 U.S.C. § 621 et seq.

**DAMAGES**

As a proximate result of the foregoing facts, PLAINTIFF suffered the loss of his job, lost wages, the value of lost benefits, and incidental damages.

WHEREFORE, PLAINTIFF prays for relief in the form of an order:

A. Reinstating him into his prior or comparable position;

B. Ordering DEFENDANT to cease and desist from discriminating against its employees on the basis of age;

C. Awarding PLAINTIFF lost wages, incidental expenses, and value of his lost benefits;

D. Awarding PLAINTIFF an additional amount equal to the amount of his lost wages plus incidental expenses, and the value of his lost benefits as liquidated damages;

E. Awarding PLAINTIFF attorney's fees and all costs and expenses of this litigation; and

F. Such other relief as this Court deems just and appropriate.

## COUNT 2: NATIONAL ORIGIN DISCRIMINATION

19. PLAINTIFF repeats and realleges paragraphs 1-18 and incorporates same by reference as though fully set out herein.

20. DEFENDANT routinely favored employees of Indian national origin who held "H1-Visa" status, which employees were less experienced and competent than PLAINTIFF.

21. DEFENDANT promoted and retained employees of Indian national origin, while terminating the employment of PLAINTIFF.

22. The foregoing conduct constitutes unlawful national origin discrimination in violation of TITLE VII.

23. DEFENDANT's violation of Title VII occurred with malice and/or reckless indifference to PLAINTIFF's federally guaranteed rights.

WHEREFORE, PLAINTIFF prays for relief in the form of an Order:

A. Reinstating him into his prior or comparable position;

B. Ordering DEFENDANT to cease and desist from discriminating against employees on the basis of national origin;

C. Awarding PLAINTIFF lost wages incidental expenses, and the value of lost benefits;

D. Awarding PLAINTIFF compensatory and punitive damages in an appropriate sum; and

E. Such other relief as this Court deems just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                Respectfully submitted,

                By: s:/Richard J. Gonzalez
                Attorney for Plaintiff

RICHARD J. GONZALEZ
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
Tel.: (312) 906-5079
Fax: (312) 906-5299
rgonzale@kentlaw.iit.edu